(Nos. 88-CC-3791, 88-CC-3792—)

STATE EMPLOYEES' RETIREMENT SYSTEM, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1990.*

WINSTON & STRAWN (STEPHEN S. MORRILL, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (TERENCE J. CORRIGAN, Assistant Attorney General, of counsel), for Respondent.

Raucci, J.

Claimant State Employees' Retirement System (SERS) filed two claims and motions for summary judgment. We herewith consolidate these cases and render our judgment.

SERS filed complaints against the Department of Labor (88-CC-3792) which will sometimes be referred to as the "rate case" and the Department of Financial Institutions (88-CC-3791) hereinafter sometimes referred to as the "amount case." Contemporaneously, SERS filed motions for summary judgment in each case. Briefs have been filed by the parties and oral argument was held. Because we find that there are no factual issues, we treat the Respondent's brief in opposition in the two cases as countermotions for summary judgment, and decide these cases on the opposing motions for summary judgment.

In 1985, SERS, pursuant to the Illinois Pension Code (Ill. Rev. Stat. 1985, ch. 108½, pars. 14—135, 14—135.08), established a 7.532% retirement contribution rate for State agencies employing its members during Fiscal Year 1986. The rate represented the determination of the SERS Board that 7.532% of the State payroll was necessary for SERS to meet its obligations in Fiscal Year 1986. Ill. Rev. Stat. 1985, ch. 108½, pars. 14—131, 14—132.

In making appropriations for Fiscal Year 1986, the General Assembly, by line appropriation, appropriated an amount equal to 5.6% of the amounts appropriated for anticipated personal services expenditures for each State agency. It is not disputed that the General Assembly did not expressly state that the retirement contribution rate was 5.6% for retirement purposes, but in debate on

various appropriation bills the rate was stated as 5.6%.

Pursuant to transfer authority, the Department of Labor (rate case) transferred funds into its personal services line. It did *not* transfer an amount equal to 5.6% (or any amount) to cover retirement. If it had done so, the amount of $2,377.47 would have been available to pay SERS.

The Department of Financial Institutions (amount case) did not expend all of its personal services line or all of its retirement line. Applying the rate of 5.6%, the Department of Financial Institutions withheld the amount of $3,297.57.

SERS seeks in these cases to have us hold that they are entitled either to an amount equal to the rate, an amount equal to the total retirement line, or both. Taking a contrary position, the Respondent urges that SERS is not entitled to the rate since the appropriation does not specify a rate but an amount and is not entitled to the amount since the personal services were not rendered and not subject to the rate intended by the General Assembly.

We conclude that the Respondent's view is correct. Our holding is footed upon our analysis of the appropriations process of the General Assembly. As stated previously, the debates established the intent of the General Assembly to appropriate retirement funds in the amount equal to 5.6% of expenditures for personal services (salaries). We also believe it was the legislative intent that if those salary lines were not totally expended that the retirement lines not be expended in excess of 5.6% of the expended personal services lines.

The State Finance Act (Ill. Rev. Stat. 1987, ch. 127, par. 149.2) provides for the transfer of funds into the

personal services line. It does not require either a "rate" or "amount" transfer for retirement purposes.

We conclude that the General Assembly intended that the rate not exceed 5.6%; the amount not exceed the amount appropriated; and by not *requiring* in section 13.2 of the State Finance Act a corresponding transfer to retirement lines of an amount equal to the rate to cover the additional personal services amount transferred, that no funds be paid to SERS for such transferred funds. Ill. Rev. Stat. 1987, ch. 127, par. 149.2.

We would, however, respectfully recommend that the General Assembly consider passage of legislation that expressly states its intent so that SERS, agencies and ourselves could implement that intent.

It is therefore ordered, adjudged, and decreed that

1. Claimant's motions for summary judgment are denied.

2. Respondent's crossmotions for summary judgments are granted.

3. Claimant's claims are denied and forever barred.